**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

HENRRY AMAYA-INGLES,

Petitioner,

v.

KRISTI NOEM, in her Official Capacity, Secretary of the Department of Homeland Security, et al.,

Respondents.

Case No.: 3:26-cv-02223-RBM-MMP

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 AS MOOT**

**[Doc. 1]**

Pending before the Court is Petitioner's Henry Amaya-Ingles ("Petitioner") Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"). (Doc. 1.) For the reasons set forth below, the Petition is **DENIED AS MOOT**.

## I.    BACKGROUND

**A.    Factual Background**

Petitioner, a citizen and national of El Salvador, is currently detained at the Imperial Regional Detention Center. (Doc. 1 ¶¶ 1, 30.) On October 16, 2024, an immigration judge ("IJ") denied Petitioner's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), and ordered him removed. (*Id*. ¶¶ 2, 31.) Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), and the

1

BIA dismissed his appeal on February 6, 2025. (*Id*. ¶ 32.) Petitioner then appealed the BIA's dismissal before the Ninth Circuit Court of Appeals. (*Id*. ¶ 4.)[1]

Petitioner moved to reopen his case before the BIA, and the BIA denied his motion on March 11, 2026. (*Id*. ¶ 33.) Petitioner filed an appeal of the BIA's denial of his motion to open with the Ninth Circuit, which remains pending. (*Id*. (citing *Amaya-Ingles v. Bondi,* No. 26-1691 (9th Cir. Mar. 20, 2026).)

On January 29, 2026, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Arizona Petition") in the United States District Court for the District of Arizona. (Doc. 9 at 1.) On May 7, 2026, as discussed further below (*see* Sec.I.B.), District Judge Angela M. Martinez adopted Magistrate Judge John Z. Boyle's recommendation to grant the Arizona Petition in part and "ordered [that] Petitioner be provided an individualized bond hearing within three days of the Court's order." (*Id*. at 1–2.)

Pursuant to the Arizona district court's order, Petitioner received an individualized bond hearing before an IJ on May 11, 2026. (*See* Doc. 11-1 at 2–5.) At the hearing, the IJ denied Petitioner's release on bond, finding that Petitioner "poses a risk of flight" and "a danger to the community, as he has a significant criminal history." (*Id*. at 4.) The IJ noted that Petitioner had been previously removed from the United States in 2014 and then again in 2024, and that Petitioner has multiple criminal convictions including one for which he received an eight year sentence. (*Id*.; *see also* Doc. 1 ¶ 36 (alleging that Petitioner has a criminal history in the United States).)

---

[1] Based on the Court's review of the cited docket, the Ninth Circuit denied in part and dismissed in part Petitioner's appeal concerning his removal order on October 10, 2025, and denied his subsequent motion for reconsideration on January 30, 2026. *See Amaya-Ingles v. Bondi,* No. 25-898 (9th Cir. Oct. 10, 2025), ECF No. 20 (order concerning Petitioner's appeal of the IJ's denial of asylum, withholding of removal, and CAT protection); *id*., ECF No. 22 (order concerning Petitioner's motion for reconsideration).

3:26-cv-02223-RBM-MMP

**B.    Procedural Background**

On April 8, 2026, Petitioner, proceeding *pro se*, filed the instant Petition (Doc. 1), a Motion to Proceed In Forma Pauperis ("IFP Motion") (Doc. 2), and a Motion for Appointment of Counsel (Doc. 3).  Shortly thereafter, the Court issued an Order granting the IFP Motion, appointing Federal Defenders of San Diego, Inc. as counsel, and setting a briefing schedule.  (Doc. 4 at 1–3.)

On April 29, 2026, Respondents filed a Notice of Habeas Relief informing the Court that Petitioner previously filed the Arizona Petition in the District of Arizona and Magistrate Judge Boyle had partially granted the Arizona Petition on April 17, 2026.  (Doc. 9 at 1.)  That next day, the Parties filed a Joint Motion to Stay in which they clarified that the Magistrate Judge's recommendation for relief as to the Arizona Petition had not yet been adopted and requested that this action be temporarily stayed.  (Doc. 10 at 2.)

On May 15, 2026, the Parties filed a Joint Status Report stating that Judge Martinez had adopted the recommendation and confirming that Petitioner was provided with an individualized bond hearing on May 11, 2026.  (Doc. 11 at 2.)  The Parties also stated that they "met and conferred [but] were unable to come to an agreement on a recommendation to the Court" regarding the instant Petition.  (*Id*.)  Petitioner states he has no further briefing to add to the Petition and requests that the Court rule on his remaining claims.  (*Id*.)

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a).  The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

### III.    DISCUSSION

Petitioner claims his continued detention violates 8 U.S.C. § 1231(a)(6) and the Fifth Amendment's Due Process Clause.  (Doc. 1 ¶¶ 114–121.)  Respondents argue that the Petition should be dismissed as moot because "Petitioner has already been granted the habeas relief he seeks in the instant [P]etition before the Court."  (Doc. 11 at 2.)

Article III of the U.S. Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies."  *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). The "basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted."  *Nw. Env't Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988).  "A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries."  *United States v. Alder Creek Water Co.*, 823 F.2d 343, 345 (9th Cir. 1987); *see also NASD Disp. Resol., Inc. v. Jud. Council*, 488 F.3d 1065, 1068 (9th Cir. 2007) (finding appeal was moot when the plaintiffs had already been granted their requested relief).  In the context of immigration, "[f]or a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . , there must be some remaining 'collateral consequence' that may be redressed by success on the petition."  *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007).

In this case, Petitioner claims his constitutional due process rights were violated by his continued detention without a bond hearing.  (*See* Doc. 1 ¶¶ 6–8, 38–41, 90–129.)  As relief, Petitioner requests his release from ICE custody "unless [the Government] schedule[s] a hearing before the IJ where it . . . must establish by *clear and convincing* evidence that Petitioner present[s] a risk of flight or current public danger, even after consideration of alternatives to detention that could mitigate any risk that Petitioner's release would present; and [ ] if the [G]overnment cannot meet its heavy burden, the IJ orders Petitioner's release on appropriate conditions of supervisions."  (*Id*. ¶ 10 (emphasis in original); *see id*. ¶¶ 9, 94, 131–36.)  Petitioner received such a bond hearing on May 11, 2026, pursuant to the District of Arizona's order, at which an IJ found the Government "met their burden by clear and convincing evidence that [Petitioner] poses a danger to the

community and denie[d] bond at this time." (Doc. 11-1 at 4.) In the IJ's Order, the IJ also included several reasons for denying Petitioner bond. (*See id*.) Because the District of Arizona's order granted Petitioner's request for a bond hearing, "Petitioner's request for release premised on the argument that [he] was wrongfully denied a bond hearing . . . is both moot and duplicative of the [District of Arizona's] order." *Birru v. Barr*, No. 2:20-cv-00890-TLN-DB, 2020 WL 2395078, at *4 (E.D. Cal. May 12, 2020) (citing *Slack v. McDaniel*, 529 U.S. 473, 478 (2000) ("Federal courts . . . retain broad powers to prevent duplicative or unnecessary litigation.")).

Petitioner does not challenge the sufficiency of the bond hearing he received on May 11, 2026, and any such arguments would nonetheless be more appropriately addressed before the BIA. *See Leonardo v. Crawford*, 646 F.3d 1157, 1159 (9th Cir. 2011). Nor does Petitioner raise any other collateral consequences to maintain a live case or controversy. *See Abdala*, 488 F.3d at 1064. Because Petitioner received an individualized bond hearing, there is no further relief the Court can provide at this time and Petitioner's challenge to his immigration detention without a bond hearing is now moot. *See Valenzuela v. Semaia*, Case No. 5:25-cv-02853-SSS-RAO, 2025 WL 4041920, at *3 (C.D. Cal. Dec. 10, 2025) (denying petitioner's request for a preliminary injunction as moot where petitioner sought an individualized bond hearing but had received such a hearing and the IJ's bond memorandum included "the reasons behind why [he] was denied bond.").

## IV.    CONCLUSION

Based on the foregoing reasons, the Petition is **DENIED AS MOOT** and the Joint Motion to Stay (Doc. 10) is **DENIED AS MOOT**. Accordingly, this case is **DISMISSED WITHOUT PREJUDICE** and the Clerk of the Court is **DIRECTED** to close this case.

**IT IS SO ORDERED**.

DATE: June 3, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

5

3:26-cv-02223-RBM-MMP